UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERRY FILE, SR. AND HELEN R. FILE                                            PLAINTIFFS

V.                                                         CIVIL ACTION NO. 3:10cv333-DPJ-FKB

UNITED STATES OF AMERICA                                                      DEFENDANT

ORDER

This cause is before the Court on the Government's Motion to Dismiss or alternatively Motion for Summary Judgment [8, 10]. The Court, having fully considered the premises, finds that the Government's motion should be granted and that the case should be dismissed without prejudice.

I.      Facts/Procedural History

Plaintiffs Jerry File, Sr. and Helen R. File, proceeding *pro se*, filed this wrongful-confiscation action against the United States. In general, the Files dispute the Government's right to obtain forfeiture of funds the Files sent to a third party. Both parties offer various factual assertions that are not apparent from the face of the Complaint, and there exists no record evidence. Thus, for purposes of this motion, the Court will rely on the facts as alleged in the Complaint.

Jerry and Helen File claim that they "received an offer from Sidney Hanson (Hanson)/ Queen Shoals (QS)" to invest in Queen Shoals. Compl. ¶ 7. The Files eventually sent $80,963.99 expecting to achieve a 16% yearly return. What happened next is not clear. The Files state that Queen Shoals never established an account and never provided any statements. Based on these facts, the Complaint avers that the "funds never became a part of any actual

scheme." *Id*. ¶ 14. The Complaint fails to explain what type of scheme existed, but according to the Files, the Government:

> wrongfully alleged in their original complaint that funds confiscated related hereto were confiscated "pursuant to Federal Rule of Criminal Procedure 32.2(a), of the provisions of 18 U.S.C. § 982, 21 U.S.C. § 853 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981, and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as proceeds by 18 U.S.C. § 981(a)(1)(C). The defendants (United States of America) have or had possessory or legal interests in the following property that is subject to forfeiture in accordance with Sections 982 and/or Section 2461(c) . . . ."

*Id*. ¶ 20. The Complaint then quotes from the Government's "original complaint" listing the forfeited property. What the Files meant by "original complaint" is not clear.

The Files sued the United States in this Court asserting diversity jurisdiction under 28 U.S.C. § 1332 (2006). The Government answered [5] and the Files submitted a response to the answer [6]. Finally, the Government moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively for summary judgment under Rule 56(a).

II.     Standard

Although the Government seeks alternative relief under Rule 56(a), it offered no record evidence and has relied on the averments of the Complaint. Those averments are at best sketchy, and the Court concludes that the Government has not met its obligations under Rule 56(c)(1). The motion is therefore addressed under Rule 12(b)(6).

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).[1]

III.    Analysis

Viewing the Complaint in the light most favorable to the Files, and construing it liberally to reflect their *pro se* status, it is not apparent what exactly happened after they sent their money to Queen Shoals. For example, the Complaint fails to indicate what Queen Shoals did with the investment; the criminal conduct Hanson and/or Queen Shoals allegedly committed, if any; whether there was a conviction, and if so, under what statute; whether the forfeiture was administrative, civil, or criminal; what the Government's "original complaint" was and whether the Files were a party to it; whether the forfeiture was ever memorialized in a court order; if so, what was the context and which court entered it; and whether the Files pursued their

---

[1] Although the Government moves under Rule 12(b)(6) for failure to state a claim, the issues also touch on Rules 12(b)(1) and (3) dealing with subject-matter jurisdiction and venue.

administrative and statutory remedies.[2]  Although the Government no doubt knows the answer to at least some of these questions, it declined to resolve the ambiguities.  These factual gaps leave the Complaint incompetent to withstand the Government's Rule 12(b)(6) motion.[3]

     A.     Which Statutes Apply?

"The United States, as sovereign, is immune from suit save it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Thus, "[i]t is well settled that the United States Government is not suable as of common right, and the party who sues it must bring his case within the authority of some act of Congress or the court cannot exercise jurisdiction over it. . . .  Courts created by statute must look to the statute as the warrant of their authority . . . ."  *Cook v. United States*, 115 F.2d 463, 464–65 (5th Cir. 1940).

The challenge in this case is determining which statutes apply, if any.  The Files premise jurisdiction in their Complaint on diversity of citizenship, but the United States is not a "citizen" under 28 U.S.C. § 1332.  *Lummis v. White*, 491 F. Supp. 5 (W.D. Tex. 1979), *rev'd on other grounds*, 629 F.2d 397 (5th Cir. 1980), *reh'g en banc denied without opinion*, 634 F.2d 630 (5th

---

[2]The Files do not claim victim status, suggesting instead that their funds, for which they never received any account information, were not part of the vaguely alleged criminal conduct.

[3]It appears from public record that Sydney Hanson was convicted in the United States District Court for the Western Division of North Carolina in criminal action number 3:09-cr-139.  The docket of that matter reflects a May 25, 2010, preliminary forfeiture order signed by the Honorable Robert J. Conrad, Jr., forfeiting the funds seized at Queen Shoals.  If this is the forfeiture the Files dispute, then the analysis in this matter would be far simpler.  But as stated, the Complaint excludes these facts and the Government chose not to address them.  While the Court could take judicial notice of this public record in the Rule 12(b)(6) context, *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994), it is reluctant to do so because neither party invited it and concern exists that perhaps the Court is mistaken.

Cir. 1980). They also cite 28 U.S.C. § 1333 (2006) in their Motion for Summary Judgment [13], but that statute deals with admiralty and maritime cases. Their reference to the Uniform Commercial Code is likewise unavailing.

Although several federal statutes do provide procedures for challenging various types of forfeiture, only one has been referenced in any of the Files' submissions—18 U.S.C.A. § 983 (West 2009)—and the Complaint lacks sufficient facts to find that the Files could invoke that or any other relevant statute to prevail in federal court.

    1.    18 U.S.C.A. § 983

In their Response [6] to the Government's Answer, the Files mention § 983 which establishes the procedures for persons claiming property seized in a nonjudicial civil forfeiture proceeding. According to the Files, the Government lacked authority to confiscate their property under § 983(c)(3), and the Files were otherwise "innocent owner[s]" pursuant to § 983(d)(1). Pls.' Resp. to Ans. [6] at 2.

The problem is that the record fails to reflect a basis for relief under § 983. First, the Files argued in their summary judgment Response that the Government had no right to confiscate the funds and that the Files were not, therefore, subject to the statutory scheme. Pls.' Resp. [12] at 3. Second, the Complaint makes no reference to a nonjudicial civil forfeiture having occurred or to a claim under § 983. Instead, the Complaint avers that the Government seized the funds upon giving notice under 18 U.S.C.A. § 982 (West 2007), 21 U.S.C.A. § 853 (West 2009) and 28 U.S.C. § 2461(c) (2006). These sections all deal with criminal forfeitures.

If a nonjudicial forfeiture is truly the issue and § 983 actually applies, then other problems exist. For example, § 983(a)(2)(A) states that "[a]ny person claiming property seized

in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate *official* after the seizure." (Emphasis added). There is no indication this occurred. Once a claim is filed, sections 983(a)(3)(A) and (4)(A) instruct *the Government* to file a complaint for forfeiture in the "appropriate United States district court" upon receipt of the third-party claim. There is likewise no indication this occurred or that this Court would be the appropriate court.

As for the innocent-owner defense, "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). If established, then "the court may enter an appropriate order" granting relief to the claimant. 18 U.S.C. § 983(d)(5). But to qualify, the claimant must prove that he or she holds an "ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6). Here, the Complaint is not sufficient to show the Files have standing to mount such a defense. *See Keszthelyi v. United States*, No. 1:05-cv-303, 2011 WL 1884007, at *19 (E.D. Tenn. May 17, 2011) (holding that general-unsecured creditors lack standing to claim innocent-owner defense).

Finally, although the Files make no mention of it, § 983(e) allows a motion to set aside forfeiture.[4] But this section applies only when the Government fails to provide notice "in any

---

[4] Section 983(e) states:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute *who does not receive such notice* may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property . . . .

(Emphasis added).

nonjudicial civil forfeiture proceeding under a civil forfeiture statute." *Id.*; *see also Valderrama v. United States*, 326 F. Supp. 2d 1333, 1337 (S.D. Fla. 2004) (holding that § 983(e) is limited to instances when the Government fails to provide notice).  Here, the Complaint fails to indicate whether the Files are seeking relief from a nonjudicial forfeiture and further fails to plead the absence of notice.  Thus, the Files' Complaint is not sufficient to determine whether they could pursue a § 983(e) motion even if the Court liberally construed their *pro se* Complaint.  *See Twombly*, 550 U.S. at 570.

        2.    21 U.S.C.A. § 853

Although the Government argues that the Files failed to meet the requirements for a civil forfeiture under § 983, it also contends that the Files failed to comply with the requirements of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 853(n), which governs third-party claims following criminal forfeiture.[5]  Again, the Court is left to speculate whether a criminal forfeiture occurred and whether the subject funds were listed in a forfeiture order.  But based on the statutes referenced in the Complaint, it appears so.

Under § 853(a), when a person is convicted of a crime "[t]he court, in imposing sentence on such person, shall order . . . that the person forfeit to the United States all property described in this subsection."  Significantly, the statute provides a process for challenging the forfeiture.  Under § 853(n)(2), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may [within a limited time period] petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  To recover, the petitioner must establish "a legal right, title, or interest

---

[5]Section 853 is incorporated by 18 U.S.C.A. § 982, the criminal forfeiture statute.

in the property" that "renders the order of forfeiture invalid in whole or in part." 21 U.S.C.A. § 853(n)(6). Finally, § 853(n) is the exclusive means for asserting a legal interest in forfeited funds as stated in § 853(k):

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may–
>
> . . . .
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

The Files contend that § 853 has no application because the Government lacked authority to seize their funds.[6] But other courts have observed that § 853(n) is the exclusive judicial means for challenging whether funds were properly included in a forfeiture order. *See United States v. Muckle*, 709 F. Supp. 2d 1371, 1374–75 (M.D. Ga. 2010) (holding that third party was required to proceed under § 853(n) on claim that "Government failed to make the required showing of a nexus between the seized currency and the offense") (citations omitted); *c.f., Valderrama*, 326 F. Supp. 2d at 1337 (finding no subject matter jurisdiction under civil forfeiture provisions to determine whether government properly included plaintiff's money in the seized funds). Thus, if the File's funds were subject to a criminal forfeiture order, then § 853(n) "provides the exclusive means by which [they] can assert [their] interest in forfeited property." *United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987).

Substantively, the Complaint never mentions a claim under § 853(n) and lacks sufficient facts to determine whether such a claim would be viable. For example, there is no indication the

---

[6]The Files made no suggestion that § 853(n) is otherwise inapplicable.

Files possess a sufficient "legal interest" to establish standing under § 853(n)(2). *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (finding no standing under § 853(n) where claimants were unsecured creditors). Likewise, it is not clear when the forfeiture occurred or whether a § 853(n) claim is timely.

Finally, a § 853(n) claim must be filed with the court entering the forfeiture order so that court can amend its order if necessary. *See* 18 U.S.C.A. § 853(n)(6). Otherwise, the motion would constitute an impermissible collateral attack on another court's order. *See 37 Assocs., Tr. for the 37 Forrester St., SW Trust v. REO Const. Consultants, Inc*., 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (holding that forfeiture order "not subject to collateral attack in any other court") (collecting cases).

The Court's inquiry focuses on the sufficiency of the Complaint, and the Complaint suggests that a criminal forfeiture occurred. There is certainly nothing to suggest otherwise. If so, then the Complaint fails to state a claim because § 853(n) is the sole remedy in federal court; § 853(k) precludes other suits; the claim must be brought before the court entering the forfeiture order; and there are no facts suggesting that a challenge under § 853(n) would be timely or successful. If there has been no criminal forfeiture order, then the Complaint is not sufficiently pleaded on that point.

3. Other Remedies

The Government also contended that the Files "failed to exhaust administrative remedies" and then argued that there is no jurisdiction to review administrative decisions. The former argument would seem to moot the latter. In any event, the Attorney General is vested with authority to grant remission on grounds other than those listed in § 853(n). Section

853(i)(1) allows the Attorney General to "grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims . . . or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section." *See also* 28 C.F.R. § 9.4(e) (2010) (providing procedures for filing petition with Attorney General). Thus, for claims based on discretionary relief, "the courts are not the appropriate forum." *United States v. White*, 306 F. App'x 838, 839 n.1 (5th Cir. 2007) (citing *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) ("For the majority of third parties . . . who assert an equitable, rather than a legal, entitlement to relief, petitioning the Attorney General for remission and mitigation remains the exclusive remedy.")). It does not appear that the Files utilized this procedure, and if their claims are equitable, then this Court is not the proper forum.

IV.     Conclusion

With this many questions left unaddressed in the Complaint, the Court has little difficulty finding that it should be dismissed pursuant to Rule 12(b)(6). *See Twombly*, 550 U.S. at 570. But those same unanswered questions leave doubt as to whether this is simply an error in drafting or a substantive flaw in the Files' claims. Accordingly, dismissal is without prejudice.

**SO ORDERED AND ADJUDGED** this the 16th day of August, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE